UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

CARLTON TAYLOR, JR.            CIVIL ACTION NO. 13-cv-0545

VERSUS            JUDGE FOOTE

WARDEN, LOUISIANA STATE            MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

A DeSoto Parish jury, in 1986, convicted Carlton Taylor, Jr. ("Petitioner") of aggravated rape and burglary. He was sentenced to life imprisonment for the rape charge and a concurrent thirty years for the burglary charge. The convictions were affirmed on direct appeal. State v. Taylor, 508 So.2d 987 (La. App. 2d Cir. 1987), writ denied, 512 So.2d 1182 (La.). Petitioner filed several applications for post-conviction relief, which the state courts denied.

Petitioner next filed a federal habeas petition and raised several grounds, including claims that (1) there was racial discrimination in the selection of the grand jury foreperson and (2) his trial counsel was ineffective because he did not file a motion to quash the indictment based on the alleged discrimination. Taylor v. Warden, 97-cv-0995 (W.D. La.). This court noted that the last reasoned opinion of the state court with regard to these claims held that the post-conviction application in which they were presented was untimely. The court ordered Petitioner to show cause and prejudice sufficient to overcome the procedural defaults. Petitioner responded that his post-conviction application was untimely because he

had been unaware of the potential for such claims until he read a 1993 state court decision that addressed similar claims. This court held that the claim of ignorance of the law, when the law had been established for several years before the state court decision Petitioner mentioned, did not establish cause and prejudice to overcome the procedural bar. The Fifth Circuit denied an application for COA that raised these and the other grounds presented in the petition. Taylor v. Cain, 00-30711.

More than a dozen years after that original habeas proceedings ended, Petitioner filed a Rule 60(b) motion on the grounds that Martinez v. Ryan, 132 S.Ct. 1309 (2012) held that where state law requires claims of ineffective assistance of trial counsel be raised in an initial post-conviction application, a procedural default will not bar federal habeas relief on an ineffective assistance of trial counsel claim if in the initial post-conviction proceeding there was no counsel or counsel in that proceeding was ineffective. The Supreme Court has not specifically held that Martinez applies to Louisiana's post-conviction system, but it recently held that Martinez does apply in Texas, which employs a similar system. Trevino v. Thaler, 133 S.Ct. 1911 (2013). Petitioner represents that he was not appointed counsel in his initial post-conviction proceedings so can now show cause to overcome the procedural default of his claim that counsel did not file a motion to quash the indictment.

The first issue is whether Petitioner's Rule 60(b) motion is actually a second or successive petition that requires permission from the Court of Appeals to proceed, or whether it is a true Rule 60(b) motion that may be decided by the district court. The Supreme Court has stated that the district court may consider such a motion when the prisoner merely asserts

that a previous ruling that precluded a merits determination, such as invocation of a procedural default or a statute of limitations bar, was in error. Gonzalez v. Crosby, 125 S.Ct. 2641 (2005). Petitioner's motion is, therefore, properly before this court.

Petitioner invokes two provisions in Rule 60(b). The first is the final clause of Rule 60(b)(5) that allows the court to relieve a party from a final judgment if "applying it prospectively is no longer equitable." The principal significance of this rule is with regard to injunctions, but it is not limited to those forms of judgments. It applies to any judgment that has prospective effect. Wright, Miller & Kane, 11 Federal Practice & Procedure Civ. § 2863 (3d ed.). The judgment entered on the 1997 habeas petition does not fall within that description. See Guidry v. Cain, 2013 WL 2458771 (W.D. La. 2013) (rejecting application of Rule 60(b)(5) to a similar claim that invoked Martinez.

Petitioner also invokes Rule 60(b)(6) that allows the court to relieve a party from a final judgment for "any other reason that justifies relief." This is the provision typically invoked by habeas petitioners in similar situations. A movant seeking relief under this provision must show "extraordinary circumstances" that justify reopening a final judgment. Gonzalez, 125 S.Ct. at 2649. "Such circumstances will rarely occur in the habeas context." Id. Gonzalez went on to hold that extraordinary circumstances were not present when a habeas petitioner pointed to a recent Supreme Court case that changed the limitations tolling law in the circuit that had dismissed his petition as untimely. The Eleventh Circuit had decided the case under the then-prevailing interpretation of the statute. Gonzalez concluded

that it "is hardly extraordinary that subsequently, after petitioner's case was no longer pending, this Court arrived at a different interpretation." Id., 125 S.Ct. at 2650.

The Fifth Circuit recently applied Gonzalez in a capital case to an argument much like Petitioner's. The prisoner argued that Martinez allowed him to make a Rule 60(b)(6) challenge to a district court's prior judgment that rejected as procedurally defaulted his habeas claims for ineffective assistance of counsel. The Fifth Circuit held that Martinez "does not constitute an 'extraordinary circumstance' under Supreme Court and our precedent to warrant Rule 60(b)(6) relief." Adams v. Thaler, 679 F. 3d 312, 320 (5th Cir. 2012). Rather, Martinez was simply a change in decisional law similar to the one presented in Gonzalez. Adams applies to Petitioner's motion and requires that it be denied.

Accordingly,

**IT IS RECOMMENDED** that Petitioner's motion for relief from judgment under Rule 60(b), filed as a new petition in this civil action, be denied and that the Clerk of Court close this civil action.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within seven (7) days after being served with a copy thereof. Counsel are

directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 27th day of June, 2013.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE